IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WITKIN, | No. 2:12-CV-0391-CMK-P |
|     Petitioner, | |
|   vs. | <u>ORDER</u> |
| P.D. BRAZELTON, | |
|     Respondent. | |

        Petitioner, a state prisoner proceeding pro se, brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the written consent of all parties, this case was before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Final judgment was entered on October 1, 2015. Pending before the court is petitioner's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).

/ / /

/ / /

/ / /

/ / /

1

## I.  STANDARD FOR RECONSIDERATION

The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60.  Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e).  See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995).  The motion must be filed no later than twenty-eight (28) days after entry of the judgment.[1]  See Fed. R. Civ. P. 59(e).  Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[2]  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

## II.  DISCUSSION

In his motion, petitioner argues: (1) the court committed clear error with respect to Claims 3 and 4; (2) the court failed to consider his claim of "factual innocence" as to procedurally defaulted claims (Claims 5, 6, and 7); (3) the court mischaracterized Claim 9; (4) the court failed to address Claim 10b; and (5) he is "clearly entitled to habeas relief" on Claim 12.

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants seeking reconsideration, the court calculates the 28-day period from the date the motion was delivered to prison authorities for mailing to the court.  Otherwise, the 28-day period is calculated based on the date the motion for reconsideration is actually filed.

[2] If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2).  A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

### A.  Claims 3 and 4

In Claims 3 and 4, petitioner asserted ineffective assistance of trial counsel with respect to withdrawal of plaintiff's plea. The state court addressed these claims as follows:

> Petitioner also claims that trial counsel failed to move to withdraw Petitioner's change of plea on the grounds he misunderstood the enhancement, that he deceived the court by falsely pleading no contest to the attempted robbery, and that he was not guilty of the attempted robbery. In a related claim, Petitioner argues that counsel's conduct at the hearing resulted in a *Marsden* motion instead of a motion to withdraw the plea. First, the trial court treated the hearing as an oral motion to withdraw the plea. Second, the trial court considered Petitioner's claim that there was not sufficient evidence of the attempted robbery and that Petitioner made a mistake by pleading no contest. Finally, Petitioner claims that he believed that the gun use enhancement applied to Zapata and not Abeyta and that if he had known that the enhancement attached to the attempted robbery on Abeyta, he would not have pled no contest. Petitioner was repeatedly informed prior to the change of plea that the gun use enhancement was in relation to the attempted robbery. The robbery charge originally identified both Abeyta and Zapata as the victims. However, Zapata was deleted at the time of the change of plea. When Petitioner changed his plea, the trial court clearly identified the counts, victims, and allegations. Moreover, given Petitioner's potential exposure to life imprisonment if he were convicted following trial and the negotiated plea resulting in an aggregate sentence of 21 years imprisonment, Petitioner's allegation that he would not have accepted the plea if he had been properly informed of the components of the sentence is not credible. Had counsel sought to withdraw the plea on this basis, it is not reasonably likely that the motion would have been granted. Therefore, Petitioner has not shown that counsel's failure resulted in prejudice to Petitioner's case.

In denying federal habeas relief on these claims, this court stated:

> Based on the facts recited by the state court – which petitioner has not rebutted – the court agrees with respondent that the denial of Claims 3 and 4 was neither contrary to nor based on an unreasonable application of these clearly established principles. As the state court observed, Claim 3 – that counsel was ineffective for failing to file a motion to withdraw his pea – is without merit because the record reflects that the trial court considered an oral motion to withdraw the plea. Thus, petitioner has not shown prejudice. Similarly, Claim 4 – that counsel's conduct at the hearing resulted in the court not considering his request to withdraw his plea – lacks merit because [the] record reflects that the trial court considered all of petitioner's arguments in favor of withdrawing his no contest plea. Again, petitioner has not demonstrated prejudice.

///

Petitioner now argues that the court mischaracterized Claim 3 as an ineffective assistance of counsel claim rather than a "conflict of interest" claim. Petitioner's petition, however clearly labels Claim 3 as an ineffective assistance of counsel claim. Specifically, at ECF 1, p. 31, plaintiff includes the following hearing: "Ground 3 Ineffective Assistance of Counsel (Conflict of Interest)." Similarly, at ECF 1, p. 5, petitioner labels Claim 3 as follows: "Violation of 6th Amendment – IAC conflict of interest." Moreover, the allegedly deficient act of counsel – in that a conflict of interest – is irrelevant given the court's determination that petitioner failed to demonstrate prejudice.

As to both Claims 3 and 4, petitioner argues that the court's analysis "suffers from a number of clear legal errors." First, plaintiff asserts that the court improperly relied on the facts recited by the state court. Citing Taylor v. Maddox, 366 F.3d 992, 1001 (9th Cir. 2004), and Hurles v. Ryan, 706 F.3d 1021, 1030 (9th Cir 2013), petitioner states: "When 'a state court makes evidentiary findings without holding a hearing and giving petitioner an opportunity to present evidence, such findings clearly result in an "unreasonable determination" of the facts.'" This argument lacks merits because the state court held a hearing and considered all of the arguments raised in favor of withdrawing the plea.

Returning to the court's analysis of Claim 3, petitioner also argues that the court misapplied the prejudice prong of the Strickland standard. According to petitioner, "[p]rejudice is presumed due to counsel's failure to participate, in any way, in the presentation of the motion." Again, the court does not agree. The record demonstrates that, regardless of what counsel did or did not do, the trial court in fact held a hearing on plaintiff's motion to withdraw the plea and considered all his arguments.

Returning to Claim 4, petitioner contends that the court erred because "constructive denial" of the assistance of counsel is presumed to result in prejudice. Petitioner, however, has not shown either the constructive or actual denial of the assistance of counsel. Moreover, petitioner cannot show prejudice because he was heard on the underlying issue of

whether he should be permitted to withdraw his plea.

### B.     Claims 5, 6, and 7

This court determined that federal habeas relief on Claims 5, 6, and 7 is barred because the state court imposed procedural defaults. According to petitioner, the court erred by not considering his "factual innocence." This argument lacks merit because plaintiff never presented such evidence. Moreover, in entering his plea of no contest, petitioner admitted to the factual basis of the charged offense.

### C.     Claim 9

In Claim 9, petitioner alleged that he "was prejudiced by imposition of $5,000 in fines and direct orders that was [sic] not part of the negotiated plea agreement." Because petitioner only discussed the fine, the court analyzed this aspect of the claim and concluded that the claim was barred by plaintiff's no contest plea because the claim did not relate to the validity of the plea. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). Petitioner now argues that the court mischaracterized this claim. According to petitioner: "One can only speculate as to where the Court got the idea that Claim 9 involves a 'monetary fine' being 'improperly imposed.'" Contrary to petitioner's assertion, no speculation is necessary. The court treated Claim 9 as a challenge to imposition of a monetary fine because that is exactly how petitioner set forth the claim in his § 2254 petition.

### D.     Claim 10b

In Claim 10, petitioner asserted: "Conviction of petitioner while he was mentally incompetent, violated petitioners [sic] Constitutional rights." The state court addressed this claim, along with petitioner's Claim 11, as follows:

> Petitioner claims that he was not mentally competent to change his plea and that trial counsel was ineffective for failing to investigate Petitioner's mental state. However, there is no evidence to support these allegations. Petitioner states that he had a history of mental illness and substance abuse and that he had been prescribed psychiatric medication in the past. He does not allege that he was suffering from any mental illness or that he was under the influence of medication *at the time of the change*

*of plea*. In fact, Petitioner denied being under the influence of alcohol. Drugs, or medication that would cause him difficulty understanding the proceedings. (April 13, 2009, Change of Plea at p. 8). He further denied being on any medication for illness that would affect his ability to understand the proceedings. (*Id.* at p. 9). The documents attached to the petition show that Petitioner was treated for mental illness in 2002 and has recently been receiving mental health care in prison. The 2002 records are not relevant to Petitioner's mental state in 2009 and the prison health records indicate that, although Petitioner has been diagnosed with mood disorder, he has not been prescribed psychiatric medication. Furthermore, on November 19, 2009, Petitioner stated to a psychiatrist that he had a lot of psychiatric problems in the past but "none now." Consequently, the psychiatrist concluded that there was no evidence of a major mental disorder, but only a possible history of mood disorder. Therefore, Petitioner has failed to show that he was not competent to change his plea or that counsel had any reason to investigate Petitioner's competence.

In denying federal habeas relief on both Claims 10 and 11, this court held:

> The court finds that the state court's denial of Claims 10 and 11 was neither contrary to nor based on an unreasonable application of the law. A plea agreement is valid if it is entered into knowingly and voluntarily. See United States v. Kaczynski, 239 F.3d 1108 (9th Cir. 2001). Therefore, a defendant has a due process right not to enter an agreed plea while incompetent. Cf Drope v. Missouri, 420 U.S. 162 (1975) (discussing right not to stand trial while incompetent). Based on the facts recited by the state court, the court agrees with the state court's conclusion that there is no evidence that petitioner was incompetent at the time he entered the no contest plea.
>
> Notably, petitioner attaches to his petition a copy of the transcript of the May 2009 hearing at which petitioner sought to withdraw his no contest plea in which his trial counsel expressed his belief that petitioner was in fact competent. Counsel told the court:
>
>> Mr. Witkin throughout his case requested that I 1368 him. I told him that I could not do that unless I honestly believed that he was incompetent. His response to me was, I have to get the one ethical attorney. Any other attorney would do this for me.
>>
>> And I said, If at any point during these proceedings I feel that you are incompetent, I will make that motion. But I cannot make it just because you ask me. And I said, when we have these meetings, these two-hour meetings, in which we're discussing the law, and you're clearly understanding it, and you're bringing cases to me, how can I possibly say to a Court that I believe you're incompetent?

> I do believe that he probably has, as many of our clients do, that there are probably some mental issues. Be he shown – he had shown me nothing that would lead me to believe that he was incompetent. And so I know that he was distressed with the fact that I would not declare him 1368. He asked me to do it in order to delay the proceedings, to give him additional time to think about what he wanted to do. I told him I could not do that.

Trial counsel's assessment that his client is competent is significant. See Hernandez v. Ylst, 930 F.2d 714 (9th Cir. 1991); United States v. Clark, 617 F.2d 180 (9th Cir. 1980); see also Drope, 420 U.S. at 176-77. Because the record fails to show that petitioner was incompetent at any time, neither Claim 10 – that his plea was invalid because he was incompetent – nor Claim 11 – that trial counsel was ineffective for failing to investigate his competence – has merit.

Petitioner now argues that the court failed to consider Claim "10b." Given that the petition contains no such heading, the court does not agree. To the extent, however, petitioner argues that his plea was not knowing or voluntary, such a claim lacks merit. The record demonstrates that plaintiff agreed to a negotiated plea agreement and, most notably, that petitioner discussed the pros and cons of the plea agreement with counsel.

### E. Claim 12

As to Claim 12, the court held:

> In this claim petitioner argues that appellate counsel was ineffective because claims either were not raised or were raised ineptly. The Strickland standards also apply to appellate counsel. See Smith v. Robbins, 528 U.S. 259, 285 (2000); Smith v. Murray, 477 U.S. 527, 535-36 (1986); Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir. 1989). However, an indigent defendant "does not have a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." Jones v. Barnes, 463 U.S. 745, 751 (1983). Counsel "must be allowed to decide what issues are to be pressed." Id. Otherwise, the ability of counsel to present the client's case in accord with counsel's professional evaluation would be "seriously undermined." Id.; see also Smith v. Stewart, 140 F.3d 1263, 1274 n.4 (9th Cir. 1998) (counsel not required to file "kitchen-sink briefs" because it "is not necessary, and is not even particularly good appellate advocacy.") Further, there is, of course, no obligation to raise meritless arguments on a client's behalf. See Strickland, 466 U.S. at 687-88. Thus, counsel is not deficient for failing to raise a weak issue. See Miller, 882 F.2d at 1434. In order to demonstrate prejudice in this context, petitioner must demonstrate that, but

for counsel's errors, he probably would have prevailed on appeal. See id. at n.9.

In this case, petitioner has not identified any non-frivolous arguments appellate counsel should have raised that would have produced a different result if they had been raised. Further, petitioner has not demonstrated how the claims which were raised on appeal were done so ineptly.

In the current motion for reconsideration, petitioner agues that he "is clearly entitled to habeas relief on Claim 12." Petitioner does not cite to any intervening change in controlling law, new evidence, or clear error. Therefore, petitioner has failed to demonstrate any basis for reconsideration.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for reconsideration (Doc. 37) is denied.

DATED: September 29, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE